No. 22324.

THE PEOPLE OF THE STATE OF COLORADO *v.*
C. FRANKLIN FIELDEN.
(427 P.2d 880)

Decided May 22, 1967.

ROBERT L. RUSSEL, District Attorney, R. D. THOMAS, Assistant, DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, for plaintiffs in error.

GIBSON, GIBSON, COLE & GERDES, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

ASSERTING that the court committed an error in law in directing a jury verdict of acquittal in favor of the defendant in error, the district attorney for the Fourth Judicial District, County of El Paso, prosecutes this writ of error pursuant to C.R.S. 1963, 39-7-26(2).

The defendant in error was the executive director of the Memorial Hospital operated by the City of Colorado Springs. He was charged in an information in the district court of El Paso County with converting public funds (property of the hospital) to his private use in ordering, purchasing and using building materials in his own mountain lodge.

██ The information contained seventeen separate counts. The record amply supports the following finding by the trial court:

"1. The evidence conclusively shows that there was a policy on the part of Memorial Hospital, owned by the City of Colorado Springs, to permit the purchase of various articles of personal property, including but not intending to exclude, property not herein mentioned, drugs, electrical appliances, bed clothing, building materials, and other properties, for the purpose of permitting the employees of the hospital and physicians and others connected with the Hospital, to secure a discount on their purchases. This policy was of long standing, and

was taken advantage of by a large number of the employees and persons connected with the Hospital. The Defendant purchased the material described in the Information pursuant to this policy. The policy of Memorial Hospital was to bill the purchaser of the personal property ordered by him when the cost price of the property became known. This policy, in the instance of the Defendant, created the relationship of creditor and debtor. The Hospital was engaged in a running account with its employees. The use of the policy by the employees of the Hospital was not embezzlement, and the use of the same by the Defendant was not embezzlement, despite the fact that he was manager of the Hospital. There were Ordinances of the City of Colorado Springs introduced into evidence, which disclosed that the overall management of and control of the Hospital was vested in Trustees."

 An essential element of the crime of "embezzlement" or "criminal conversion" charged herein is that the property must be owned by another and the conversion thereof must be without the consent and against the will of the party to whom the property belongs, coupled with the fraudulent intent to deprive the owner of the property. *Gill v. People*, 139 Colo. 401, 339 P.2d 1000; *Lewis v. People*, 109 Colo. 89, 123 P.2d 398; *Wright v. People*, 104 Colo. 335, 91 P.2d 499. It is plain in this case that, as a matter of law, the property was used by the defendant in error as it was intended to be; it was obtained through the purchasing department of the hospital on special order, with the knowledge of the hospital agent *charged with the responsibility* that it was, from the inception of the purchase, to be delivered to and used by the director himself. This, plus the admitted running account and billing procedures with this and other employees cannot support the requisite charge of misappropriation.

The people also assert as error the trial court ruling that the defendant in error was not an officer as de-

fined in C.R.S. 1963, 40-19-3. In view of the disposition made by the court on the finding of a debtor-creditor relationship, it is immaterial whether the position of the defendant in error in the hospital management structure comes within the provisions of the statute. He could not, under the facts presented herein, be in violation of the statute which also has implicit within its language the requisite *unlawful conversion* and *criminal intent* which were lacking in this case.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE HODGES concur.